SCHINDLER ADVERTISING COMPANY, complainant-respondent,

*v.*

PUBLIC SERVICE TRANSPORTATION COMPANY, defendant-appellant.

[Argued October 29th, 1924.  Decided February 19th, 1925.]

On bill for injunction.

*Mr. Frank Bergen* and *Mr. William H. Speer,* for the appellant.

*Messrs. Lum, Tamblyn & Colyer* and *Mr. Chester W. Fairlie,* for the respondent.

PER CURIAM.

This is an appeal from an order advised by a vice-chancellor in the court of chancery granting a preliminary injunction to prevent the defendant company from removing, or causing to be removed, any display advertisements from the auto-buses acquired by the defendant company. The basis of the order, as stated by the vice-chancellor, was the extreme necessity of the case and to prevent a multiplicity of suits at law for the non-performance of an agreement with those who have entered into advertising contracts with the complainant.

At the outset we are confronted with the well-established and long-settled rule in this court regulating the granting of a preliminary injunction. It is thus clearly and succinctly stated by this court in the case of *Citizens Coach Co. v. Camden Horse Railroad Co., 29 N. J. Eq. 299.* A preliminary injunction is never granted unless the act threatened to be done will inflict an irreparable injury on the complainant. Nor will the writ be issued where the right of the complainant depends on an unsettled question of law. Nor

where the equity of the complainant is disproved by the answer and affidavits. In such cases a preliminary injunction is not proper.

This disposes of this case. It leads to a reversal of the order appealed from, and renders unnecessary any further discussion of the interesting questions argued on the appeal.

The order of the vice-chancellor granting a preliminary injunction is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, JJ. 11.